IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Eric Starnes, | ) | Civil Action No.: 3:22-3532-TLW |
| Plaintiff, | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| TA Operating, LLC d/b/a TravelCenters of America, | ) | |
| Defendant. | ) | |

Defendant TA Operating LLC d/b/a TravelCenters of America ("TA Operating"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice that it has removed from the Richland County Court of Common Pleas, the action titled *Eric Starnes v. TA Operating, LLC d/b/a TravelCenters of America*, Case No. 2022-CP-40-04608, to this Court, the United States District Court for the District of South Carolina, Columbia Division. The removal is based on the following grounds:

**A.     Timeliness of Removal**

1. On or about September 6, 2022, Plaintiff Eric Starnes ("Plaintiff") commenced this civil action in Richland County Court of Common Pleas by filing a Summons and Complaint.

2. On September 12, 2022, Defendant TA Operating was served with the Summons and Complaint.

3. Removal is timely as it was effected within 30 days of the service of the Summons and Complaint on Defendants. 28 U.S.C. § 1446(b)(2)(B).

**B.     Diversity Jurisdiction**

6.     TA Operating operates a travel center with the address of 2154 South Beltline Boulevard, Columbia, SC 29201.[1]  At the time the Complaint was filed, at the time of removal, and at all intervening times, TA Operating was (and is) a limited liability company.  Defendant TA Operating is a Delaware limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio.  For purposes of determining the existence of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, L.L.C.*, 535 F.3d 101, 103 (4th Cir. 2011).  The sole member of TA Operating is TravelCenters of America Inc.  For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  TravelCenters of America Inc. is a publicly traded corporation organized and existing under the laws of the State of Maryland and its officers direct, control, and coordinate TravelCenters of America Inc.'s business activities in the State of Ohio.  Thus, TA Operating's citizenship is Delaware, Maryland and Ohio.

7.     Plaintiff alleges that he is a citizen and resident of the State of North Carolina. (Compl. ¶ 1.)

8.     Accordingly, Plaintiff and the Defendant, TA Operating, are citizens of different states and complete diversity exists.

---

[1] While Plaintiff's Complaint alleges he fell at a travel center location with an address of 2150 South Beltline Boulevard, Columbia, SC, upon information and belief, the correct address is 2154 South Beltline Boulevard, Columbia, SC 29201.

C.     **Amount in Controversy**

9.     The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

10.     Plaintiff alleges that he "slipped on a slippery substance on the floor, causing him to fall and suffer serious and permanent injuries." (Compl. ¶ 8.)  Plaintiff further alleges that, due to the existence of the allegedly unsafe condition, and Defendant's failure to remedy or warn of its existence, Defendant was negligent, grossly negligent, wanton, willful, and reckless, and that he suffered "severe traumatic and permanent injuries ..." (Compl. ¶ 14.)  Plaintiff also alleges he has spent, and will have to spend, money on medical services and has suffered mental anguish and lost wages. (*Id.*)

11.     Plaintiff alleges that he is entitled to actual and punitive damages from Defendant. (Compl. ¶ 15.)

12.     "When a specific amount is not specified in the complaint, '[t]he object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy.'" *Stewart v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 92537, at *7 (D.S.C. July 21, 2011) (citing *Cannon v. United Ins. Co.*, 352 F. Supp. 1212, 1217 (D.S.C. 1973)).  "Punitive damages 'must be included in the calculation of the amount in controversy.'" *Id.* at *8 (citing *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003)).

13.     "It is the Court's experience that the plaintiff's bar rarely seeks less than ten times damages for punitive damages." *Woodward v. Newcourt Commer. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999).

14.     Based on Plaintiff's allegations that he has suffered "severe pain and mental anguish," expenses for medical services, permanent injuries, and "incurred wage loss and will

3

continue to incur such…" as a direct result of the allegedly unsafe condition created by Defendant's alleged negligence, willfulness, wantonness, carelessness, and recklessness, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. (Compl. ¶¶ 11, 14.)

15.     For the above reasons, the amount in controversy in this case exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a)(1) and this Court has subject-matter jurisdiction.

16.     Accordingly, this case is removable under 28 U.S.C. § 1441(a).

**D.     Compliance with 28 U.S.C. § 1446**

17.     A copy of all process and pleadings filed by Plaintiff are attached hereto as Exhibit A.  Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiff through Plaintiff's counsel of record and a true and correct copy of this Notice of Removal has been or will be filed with the Clerk of Court for Richland County, South Carolina, as required by 28 U.S.C. § 1446(d).

18.     The Court of Common Pleas for Richland, South Carolina is located within the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division; therefore, this Court is the proper one for removal of this action.

19.     Defendant has submitted the required filing fee to the Clerk of the Court.

20.     By filing this Notice, Defendant does not waive any defense that may be available to them.

WHEREFORE, Defendant respectfully requests that the action now pending in the State of South Carolina, Richland County, Court of Common Pleas, as Case No. 2022-CP-40-04608, proceed before this Court as an action properly removed.

Dated: October 12, 2022					GORDON REES SCULLY MANSUKHANI LLP

						By	*s/Brittany T. Bihun*
							Brittany T. Bihun (Fed. 12704)
							E-mail: bbihun@grsm.com
							Amy E. McLaren (Fed. 12836)
							E-mail: amclaren@grsm.com
							40 Calhoun Street, Suite 350
							Charleston, SC  29401
							Telephone: (843) 278-5900
							*Attorneys for Defendant*